## In the Supreme Court of Pennsylvania.

### BELL AND WEIR *v.* REED.

No one will be permitted so to excavate his land as to do a permanent injury to the land of his adjoiner, when such adjoiner's land is in its natural condition, or the injury thereto would result notwithstanding and without artificial pressure thereon.

*In Equity.*

**Appeal from the decree of the Court of Common Pleas of Allegheny county.**

PER CURIUM.    Nov. 9, 1874.

The rule that the report of a master confirmed by the Court, upon the facts will not be revoked except for clear error, applies to this case. The master has found on all the evidence that the quarrying and stripping of the defendants brought down the plaintiff's land, by removing its natural support, without reference to the wall built by the plaintiff and his roadway.   Even some of the witnesses of the defendants state facts as to the sliding of the ground with the wall still standing, which, with the age of the wall, the near approach of the stripping, and manifest removal of the stones and earth, as shown upon the measured cross section represented in the draft, contribute to strengthen the master's conclusions.   But it is believed the distance of forty feet is too great a restraint in all instances and may prevent a lawful use of the defendant's quarry.   The decree of the court will therefore be so modified as to enjoin the defendants from quarrying, excavating and stripping their land so near to the plaintiff's land as to take away its natural lateral support, and cause his land to slide or fall, provided that the defendants may make a nearer approach upon protecting the plaintiff's land from sliding or falling, by means of a substantial stone wall built by the defendants at their own expense, along the boundary line of the plaintiff's land.

With this modification the decree is affirmed at the costs of the appellants, and the appeal dismissed.